UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRIAN H., )
)
Plaintiff, )
)
v. ) No. 1:19-cv-03037-TAB-JRS
)
ANDREW M. SAUL Commissioner of the Social )
Security Administration, )
)
Defendant. )

# ORDER ON PLAINTIFF'S
# BRIEF IN SUPPORT OF APPEAL

## I.  Introduction

Plaintiff appeals the Social Security Administration's denial of his application for disability insurance benefits. Plaintiff challenges the ALJ's treatment of his mental impairments and argues that the ALJ's finding that his mental impairments do not result in any work-related limitations is contrary to law and not supported by substantial evidence. As explained in more detail below, the ALJ's decision is supported by substantial evidence. Therefore, Plaintiff's request for remand [Filing No. 10] is denied.

## II.  Background

Plaintiff filed an application for a period of disability and disability insurance benefits. The SSA denied his claims initially and upon reconsideration. Following a hearing, the ALJ determined that Plaintiff was not disabled. Plaintiff appealed the unfavorable decision within the SSA, but the Appeals Council denied the request for review.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled at the time of the decision. First, the ALJ noted that Plaintiff meets the insured status

requirements of the Social Security Act through December 31, 2022. Next, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period for which he was seeking disability benefits. At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease with history of lumbar fusion; degenerative joint disease; and obstructive sleep apnea. The ALJ found that these medically determinable impairments significantly limited Plaintiff's ability to perform basic work activities as required by SSR 85-28. Additionally, the ALJ noted that Plaintiff has a non-severe impairment of depression, which the ALJ found had no more than a minimal effect on his ability to perform basic work activities. [Filing No. 6-2, at ECF p. 18.]

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or his remaining ability to function despite his limitations. The ALJ concluded that Plaintiff had the RFC to perform "light work" as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> [Plaintiff] can lift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently; stand or walk for six hours per eight-hour workday; sit for six hours per eight-hour workday; occasionally balance on level surfaces; stoop, kneel, crouch, and climb ramps and stairs; never crawl and climb ladders, ropes, and scaffolds; and avoid concentrated exposure to wetness and unprotected heights.

[Filing No. 6-2, at ECF p. 21.]

The ALJ concluded at step four that Plaintiff is capable of performing past relevant work as a light, skilled aircraft maintenance supervisor at the medium exertional level; a light, skilled safety inspector, at the semi-skilled level; and a sedentary, skilled automotive service manager, at the light exertional level. Accordingly, the ALJ concluded that Plaintiff was not disabled.

**III.     Discussion**

Plaintiff's argument on appeal relates solely to the ALJ's finding that Plaintiff's mental impairments do not result in any work-related limitations. Plaintiff contends this was not supported by substantial evidence and contrary to law. [Filing No. 10, at ECF p. 1.] This Court reviews an ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings. . . shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)). "Substantial evidence is not a demanding requirement. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martin v. Saul*, No. 19-1957, __ F.3d __, __, 2020 WL 595998, at *2 (7th Cir. Feb. 7, 2020) (internal citation and quotation marks omitted).

Plaintiff sets out a detailed, multifaceted argument in relation to this sole issue. First, he argues that the ALJ erred in her step two analysis, pointing out that the standard at that step is a *de minimis* standard. [Filing No. 10, at ECF p. 11.] Then, Plaintiff contends that the ALJ erred with her RFC assessment because the RFC failed to include all the limitations arising from all of Plaintiff's impairments, including those that are not severe. [Filing No. 10, at ECF p. 12.] Thus, Plaintiff argues that the ALJ's step two and RFC findings did not reasonably conclude that the evidence demonstrated no mental limitations. [Filing No. 10, at ECF p. 15.]

At step two, so long as the ALJ found some combination of severe impairments and proceeded through the remaining steps while considering all impairments, both severe and non-severe, any alleged error is, at best, harmless. *See, e.g., Ray v. Berryhill*, 915 F.3d 486, 492 (7th Cir. 2019) ("Step two is merely a threshold inquiry; so long as one of a claimant's limitations is found to be severe, error at that step is harmless."); *Castile v. Astrue*, 617 F.3d 923, 926-27 (7th

Cir. 2010) ("As long as the ALJ determines that the claimant has one severe impairment, the ALJ will proceed to the remaining steps of the evaluation process. Therefore, the step two determination of severity is merely a threshold requirement." (Internal citations and quotation marks omitted)). In this case, the ALJ found Plaintiff had multiple severe impairments: degenerative disc disease with history of lumbar fusion, degenerative joint disease, and obstructive sleep apnea. [Filing No. 6-2, at ECF p. 17.] The ALJ then proceeded to the remaining steps of the evaluation process. Thus, any error at step two was harmless and need not be evaluated in more detail.

As for Plaintiff's argument regarding the ALJ's RFC analysis, Plaintiff improperly conflates diagnosis of an impairment with functional limitations. While Plaintiff correctly recognizes that the ALJ must consider all of Plaintiff's impairments in assessing his RFC, including those that are not severe, Plaintiff's argument intermixes the concepts of assessing all impairments and of failing to include all functional limitations from those impairments. [Filing No. 10, at ECF p. 12-17.] These are two different things. Plaintiff does not cite to specific findings in the record of functional limitations that the ALJ omitted. Rather, Plaintiff summarizes medical evidence indicating that Plaintiff had mental impairments.

For instance, Plaintiff notes that Dr. Chago Matos with the Department of Veterans Affairs completed a questionnaire on Plaintiff in which he "described numerous more than minimal limitations, including forgetfulness, easy distractibility, feeling short-tempered, lashing out at others, lack of motivation, and avoidance of certain movements for fear of pain." [Filing No. 10, at ECF p. 16.] Dr. Matos's notes were a summary of Plaintiff's symptoms and an opinion about his mental impairment of depressive disorder and a chronic pain disorder, not a finding of functional limitations. While it is true that an ALJ's RFC assessment must encompass

all of a claimant's functional limitations supported by the medical record, the mere diagnosis of an impairment is not sufficient. *See, e.g., Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) ("As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record."); *Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005) ("Conditions must not be confused with disabilities. The social security disability benefits program is not concerned with health as such, but rather with ability to engage in full-time gainful employment. A person can be depressed, anxious, and obese yet still perform full-time work."). Here, Plaintiff has not described how the diagnoses he cites translated into work-related limitations that the ALJ failed to address.

Additionally, and importantly, the ALJ evaluated all of Plaintiff's impairments, including mental health impairments classified as non-severe. [Filing No. 6-2, at ECF p. 18-20, 25.] In relation to Plaintiff's depression, the ALJ noted that Plaintiff's treatment consisted of eight sessions of mental health outpatient therapy. In addition, Plaintiff declined medications. [Filing No. 6-2, at ECF p. 18.] The ALJ summarized Plaintiff's reported symptoms, including fatigue, no desire to participate in activities he once enjoyed, outbursts and irritability, mood changes, feelings of hopelessness, forgetfulness, lack of motivation, and more. [Filing No. 6-2, at ECF p. 18.] But the ALJ also noted that Plaintiff denied thoughts of hurting himself or others. [Filing No. 6-2, at ECF p. 18.] In addition, follow-up office visit notes stated Plaintiff had "tired, fair, okay mood and tearful, mildly depressed, congruent affect. Thought process was logical and linear and speech was normal. [Plaintiff]'s memory appeared intact." [Filing No. 6-2, at ECF p. 18.] Finally, the ALJ referenced a later statement by Plaintiff's treating psychologist stating that Plaintiff's primary mental health treatment focus was on his persistent pain, but also noting anxiety and depression symptoms. [Filing No. 6-2, at ECF p. 18.]

The ALJ also assessed Plaintiff's depression using the four broad areas of mental functioning known as "paragraph B" criteria set out in the disability regulations for evaluating mental disorders. [Filing No. 6-2, at ECF p. 19.] The ALJ found Plaintiff had a mild limitation in each of the four areas. [Filing No. 6-2, at ECF p. 19.] The ALJ also reiterated, however, that these limitations identified in the paragraph B criteria "are not a residual functional capacity assessment" but rather were used to rate the severity of Plaintiff's mental impairments at steps two and three. [Filing No. 6-2, at ECF p. 19.] Instead, the ALJ explained:

> The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p). Therefore, the following residual functional capacity assessment reflects the degree of limitation I have found in the "paragraph B" mental functional analysis.

[Filing No. 6-2, at ECF p. 20.]

Later in her decision, the ALJ again referenced Plaintiff's mental impairments, noting that two state agency psychological consultants concluded that Plaintiff did not have any severe mental impairment. [Filing No. 6-2, at ECF p. 25.] The ALJ reiterated that Plaintiff's treatment records demonstrated that Plaintiff attended only eight outpatient sessions during the relevant time period and took no prescription medication. [Filing No. 6-2, at ECF p. 25.] Finally, the ALJ once again found that the medical records indicated Plaintiff's primary mental health treatment focus was on his persistent pain. [Filing No. 6-2, at ECF p. 25.] Thus, the ALJ analyzed Plaintiff's depression using the four "paragraph B" criteria for mental functioning and found no more than mild limitations, and then discussed whether Plaintiff's depression warranted further limitations to Plaintiff's RFC later in her decision.

Plaintiff further argues that the ALJ's alleged failures relating to step two and the RFC assessment also implicated the ALJ's credibility assessment of Plaintiff's subjective symptoms.

[Filing No. 10, at ECF p. 13.] Specifically, Plaintiff contends that the ALJ "did not reasonably conclude that the record contradicted Plaintiff's description of more than minimal mental limitations." [Filing No. 10, at ECF p. 17.] In making a credibility determination, "[a]n ALJ should consider elements such as objective medical evidence of the claimant's impairments, the daily activities, allegations of pain and other aggravating factors, functional limitations, and treatment (including medication)." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (internal quotation marks omitted). "So long as an ALJ gives specific reasons supported by the record we will not overturn his credibility determination unless it is patently wrong." *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015). Additionally, the Court looks at the ALJ's decision and reads it as a whole. *See, e.g., Rice v. Barnhart*, 384 F.3d 363, 370 n. 5 (7th Cir. 2004) ("Because it is proper to read the ALJ's decision as a whole, and because it would be a needless formality to have the ALJ repeat substantially similar factual analyses at both steps three and five, we consider the ALJ's treatment of the record evidence in support of both his conclusions at steps three and five." (Internal citation omitted)).

Here, the ALJ's assessment of Plaintiff's symptoms was not patently wrong. As the Commissioner notes, while the ALJ concluded that Plaintiff's mental impairments were not severe, she still reasonably evaluated Plaintiff's allegations of his symptoms. [Filing No. 14, at ECF p. 7.] The ALJ acknowledged Plaintiff's function report and hearing testimony in which Plaintiff indicated he had memory and concentration issues, irritability, trouble being around others for long periods of time, and other symptoms. [Filing No. 6-2, at ECF p. 18-19, 24-25.] The ALJ also took into consideration Plaintiff's wife's report, which stated the same general issues with completing tasks and getting along with others due to mood swings or how Plaintiff feels. [Filing No. 6-2, at ECF p. 23-24.] The ALJ did not doubt that Plaintiff has a variety of

symptoms. [Filing No. 6-2, at ECF p. 22.] However, the ALJ concluded that she did not find "consistency in the evidence of symptoms of such a frequency, duration, or intensity as to prevent him from working at the level [the ALJ] assessed." [Filing No. 6-2, at ECF p. 22.]

In evaluating Plaintiff's subjective symptoms, the ALJ cited specific record evidence, including the objective medical evidence and sparse treatment records, and found that Plaintiff's subjective statements were not consistent with the evidence to the extent that he would be unable to work as the ALJ had assessed. [Filing No. 6-2, at ECF p. 25.] The ALJ also considered the fact that Plaintiff did not require medication to aid in treatment for his mental impairments and that the focus throughout his treatment records was on treating Plaintiff's underlying pain. [Filing No. 6-2, at ECF p. 25.] In addition, as noted above, the ALJ cited to the reports of two state agency psychological consultants, who concluded that Plaintiff did not have any severe mental impairments. [Filing No. 6-2, at ECF p. 25.]

Plaintiff argues that the ALJ failed to address numerous portions of the record, such as Plaintiff's VA rating and the questionnaire Dr. Matos completed. [Filing No. 10, at ECF p. 17-18.] It is well-settled that an ALJ need not address every single piece of evidence or testimony presented. *See, e.g., Loveless v. Colvin*, 810 F.3d 502, 507 (7th Cir. 2016) ("[A]n ALJ is not required to list each document he considered, but must only weigh the relevant evidence."); *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) ("[A]n ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, but must build a logical bridge from the evidence to his conclusion." (Internal citation and quotation marks omitted)). Moreover, 20 C.F.R. § 404.1504 states that a decision from another governmental agency about whether an individual is disabled or entitled to any benefits is "not binding" on the SSA. The SSA will, however, consider all of the supporting evidence underlying such a decision

8

that is received with a Social Security claim.  *Id.*  Plaintiff has not provided the Court with any specific evidence that was provided in support of that decision that he alleges the ALJ failed to address.  Additionally, as noted above, Dr. Matos did not impose any functional limitations in the questionnaire.  And the ALJ acknowledged the symptoms Dr. Matos referenced in her decision, including Plaintiff's mood swings, fatigue, nervousness, hopelessness, and lack of motivation.  [Filing No. 6-2, at ECF p. 18.]

Plaintiff's remaining arguments regarding the ALJ not giving proper consideration certain evidence, such as Plaintiff's wife's function report, treatment records, and activities of daily living, essentially ask the Court to reweigh the evidence.  The Court cannot do so.  *See, e.g., Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) ("The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner.  Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." (Internal citations, quotation marks, and brackets omitted)).  Additionally, Plaintiff argues that the ALJ failed to acknowledge the limited nature of the activities Plaintiff can do, but Plaintiff does not assert any specific functional limitations the ALJ failed to account for or how his RFC should have been more limited.

Finally, Plaintiff contends that the ALJ erred by failing to acknowledge his exemplary work history as a factor weighing in his favor.  [Filing No. 6-2, at ECF p. 21.]  However, "work history is just one factor among many, and it is not dispositive."  *Loveless*, 810 F.3d at 508.  *See also Summers v. Berryhill*, 864 F.3d 523, 529 (7th Cir. 2017) ("Although a consistent work history weighs in favor of a positive credibility finding, it is still just one factor among many, and it is not dispositive." (Internal citation and quotation marks omitted)).

9

**IV.     Conclusion**

Plaintiff failed to show any error with the ALJ's decision in relation to the evaluation of his mental impairments. The ALJ's findings were supported by substantial evidence. Therefore, Plaintiff's request for remand [Filing No. 10] is denied and the Commissioner's decision is affirmed.

Date: 3/18/2020

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email